*John W. Tuttle, for appellee.*

---

COMMONWEALTH *v.* COVINGTON STREET R. CO.

**Violation of City Ordinance.**

Where the acts of persons holding a franchise and operating a railroad on a city street consist only in an omission to keep the street between its tracks in repair, they cannot be punished criminally, such acts not being in violation of a statute and not being a nuisance under the common law.

APPEAL FROM KENTON CRIMINAL COURT.

January 13, 1880.

OPINION BY JUDGE HARGIS:

The appellee, by section 3 of an ordinance of the city of Covington, entitled "Street Railroads," if we can take judicial notice of it, was authorized to lay its track along the streets of that city in such manner as to be no impediment to the ordinary travel and use of the streets, upon condition that bond should first be entered into with responsible sureties, "to keep the streets between the rails in as good repair as the balance of the street;" and for a failure to keep that portion of the street occupied by their track in good and sufficient repair" the city council should "have the right to prevent the use of said street or streets by removing the rails therefrom." The only penalty to which the appellant was subjected by the ordinance for a failure "to keep the street between the rails in as good repair as the balance of the street" is the loss of the use of the street and the removal of the rails by the city council, which has a right for a breach of the terms of the ordinance to inflict the penalty.

The criminal court had no jurisdiction to punish the alleged infraction of the ordinance, which does not embrace any act constituting a nuisance at the common law. The appellee was indicted for an omission in the exercise of its privilege to perform the acts required by the ordinance. The indictment does not charge that appellee obstructed or occupied the street exclusively, or has by any act of commission rendered the street dangerous or impassable, but it appears that it is generally free and open for ordinary purposes, subject to the inconvenience resulting from the alleged omission. The appellee is bound by no law, either common or statutory, to keep the street in repair. Therefore the indictment did not charge any offense which the court had authority either to try or punish.

Wherefore the judgment in arrest is *affirmed*.

*Hardin, for appellant.*